**892**

Larry Kent GRAY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 45462–45476.

Court of Criminal Appeals of Texas.

June 7, 1972.

Rehearing Denied July 17, 1972.

Jon N. Hughes, Houston (court appointed), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James A. Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These fifteen appeals are from convictions for rape. The punishment was assessed at life in six cases. In the, other nine cases, the punishment was assessed at twenty years each. None of the sentences was cumulated.

After the death penalty was waived and after the appellant was properly admonished of the consequences of his plea in each case, he entered pleas of guilty. He agreed in writing and in open court to the stipulation of evidence and waived the appearance, confrontation and cross-examination of witnesses. He also waived his right against self-incrimination and under oath judicially confessed in each case to making an assault upon the woman named in the indictment and by force and threats without her consent ravish and have carnal knowledge of her.

Affidavits of some of the complaining witnesses were introduced. In some instances, the appellant, armed with a knife or gun, would accost two women, commit rape upon both, force them to commit sodomy upon him and upon each other. He would then rob them of their money and jewelry and tie them up with their clothing and leave. The women raped were from 14 to 51 years of age. These offenses occurred over a period of several months in 1969 and 1970.

■ The evidence is sufficient to support the conviction in each case.

Counsel in the appellate brief suggests that there might be a constitutional question of appellant's competency to stand trial under Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. In that case

there was a long history of bizarre behavior and the Supreme Court held that the trial court on its own motion should have conducted a hearing on the competency to stand trial.

 In the present case, the question was not raised before or during the trial. There is no evidence or suggestion of insanity in the record. It is shown that the appellant finished the eleventh grade in school. The first counsel for the defense who was retained had an electroencephalogram performed on the appellant and the tests were negative. Appointed counsel informed the court that the appellant was competent. No hearing on competency to stand trial was required.

Nothing in the record reflects error.

The judgments are affirmed.